IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

United States of America )
) Cr. No. 7:04-29-HMH
vs. ) C.A. No. 7:06-1865-HMH
)
Joseph Mason Sprague, ) **OPINION AND ORDER**
)
Movant. )

This matter is before the court on Joseph Mason Sprague's ("Sprague") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Sprague's § 2255 motion.

## I. Factual and Procedural Background

On June 15, 2004, Sprague was found guilty by a jury of two counts of armed bank robbery pursuant to 18 U.S.C. § 2113(a) & (d) and two counts of using or carrying a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c). Hervery Young ("Young") represented Sprague at trial and sentencing. On August 16, 2004, Sprague was sentenced to 455 months' imprisonment. Sprague appealed his conviction and sentence. On November 2, 2005, the United States Court of Appeals for the Fourth Circuit affirmed Sprague's conviction, but vacated and remanded Sprague's sentence in light of United States v. Booker, 543 U.S. 220, 258-59 (2005). United States v. Sprague, No. 04-4707, 2005 WL 1316952 at *2 (4th Cir. June 2, 2005) (unpublished). Sprague retained Bradley Bennett ("Bennett") to represent him at re-sentencing. Sprague was re-sentenced on September 30, 2005, under the advisory United States Sentencing Guidelines ("U.S.S.G."), to 455 months'

imprisonment. Sprague filed the instant § 2255 motion on June 20, 2006.[1] On June 20, 2006, Sprague requested additional time to submit a memorandum in support of his § 2255 motion. The court granted Sprague until July 11, 2006, to file his memorandum. On August 7, 2006, Sprague again requested additional time to file his memorandum. The court granted Sprague until August 22, 2006. To date, Sprague has failed to file a memorandum in support of his § 2255 motion.

In his § 2255 motion, Sprague raises the following claims: (1) the court lacked subject matter jurisdiction to "try this matter or impose the 38 year sentence on [Sprague];" (2) Young was constitutionally ineffective for failing to (a) properly investigate, (b) hire an investigator, (c) investigate the law, (d) maintain lines of communication with Sprague, (e) properly prepare for cross-examination of the Government's chief witness, and (f) file a Rule 29 motion at the trial's conclusion to set aside the verdict on the basis that the court lacked jurisdiction "to try" Sprague on the charges in the indictment; (3) the court failed to instruct the jury to find Sprague innocent because the Government did not prove that "the bank in question was federally insured by the F.D.I.C.;" (4) the Government engaged in prosecutorial misconduct by (a) failing to prove the bank was insured by the F.D.I.C, (b) charging Sprague before a federal grand jury although the Government knew he was innocent, and (c) "falsely accusing and indicting [Sprague] for a non-existent federal crime;" and (5) Bennett was constitutionally ineffective for failing to argue and brief on remand that the court lacked jurisdiction to sentence Sprague. (Sprague's § 2255 Mot. 4-7.) The court will address each of Sprague's alleged grounds for relief below.

---

1 See Houston v. Lack, 487 U.S. 266 (1988).

## II. DISCUSSION OF THE LAW

### A. Court's Jurisdiction

Sprague alleges that the court lacked jurisdiction to "try this matter or impose the 38 year sentence on [him]." (Id. 4.) Without question, the court retained jurisdiction over Sprague's trial and sentence. Sprague was indicted for two counts of armed bank robbery pursuant to 18 U.S.C. § 2113(a) & (d) and two counts of using or carrying a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c), all of which occurred in Spartanburg, South Carolina, within the District of South Carolina. Moreover, the jury found Sprague guilty on all counts. Hence, the court had jurisdiction over Sprague's trial and sentencing.

### B. Ineffective Assistance of Counsel

Sprague argues that Young was constitutionally ineffective for failing to properly investigate, hire an investigator, maintain lines of communication with Sprague, investigate the law, properly prepare for cross-examination of the Government's chief witness, and file a Rule 29 motion at the trial's conclusion to set aside the verdict on the basis that the court lacked jurisdiction "to try" Sprague on the charges in the indictment. (Sprague's § 2255 Mot. 4-5.)

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Sprague must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Sprague must

demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Sprague fails to offer any factual basis to support his conclusory ineffective assistance of counsel claims. Other than arguing that he is innocent and that he "requested counsel to investigate certain matters and interview persons who had specific knowledge of facts," Sprague does not explain how these "certain matters" and persons would have assisted Sprague in his defense. (Sprague's § 2255 Mot. 5.) In addition, Sprague alleges that Young failed to investigate the law and hire an investigator. However, Sprague does not allege how Young's legal investigation was deficient or what an investigator would have discovered that would have aided in Sprague's defense. Moreover, Sprague argues that Young was not prepared for cross-examination of the Government's chief witness, and that Young failed to maintain communication lines with Sprague. However, Sprague fails to show how he has been prejudiced by Young's alleged incomplete preparation and lack of communication with Sprague.

In addition, for the reasons discussed above in section A, Sprague's argument that Young was constitutionally ineffective for failing to file a Rule 29 motion arguing that the verdict should be set aside because the court lacked jurisdiction is without merit. (Id. 5.) For the same reasons, Sprague's fifth claim that Bennett was constitutionally ineffective for failing to argue that the court was without jurisdiction also fails. (Id. 6.)

Based on the foregoing, Sprague's conclusory allegations fail to show that Young and Bennett acted in an objectively unreasonable manner at trial and sentencing, and that any of the alleged errors prejudiced Sprague. As such, these claims are without merit and warrant no further consideration.

**C. Court's Jury Charge**

Sprague alleges that the Court erred in failing to instruct the jury to find Sprague innocent because the Government failed to prove that "the bank in question was federally insured by the F.D.I.C." (Sprague's § 2255 Mot. 6.) This argument is wholly without merit. Sprague was convicted of robbing two financial institutions, a bank and a federal credit union. The Government had the burden of proving beyond a reasonable doubt that both financial institutions were federally insured at the time of the armed robbery. United States v. Wingard, 522 F.2d 796, 797 (4th Cir. 1975); United States v. Johnson, 71 F.3d 139, 142-43 (4th Cir. 1995). The Court charged the jury as follows:

> When the attorneys on both sides stipulate or agree to the existence of a fact, however, you must, unless otherwise instructed, accept these stipulations as evidence and regard that fact as proved. And in this case, we have one stipulation. That stipulation is that these financial institutions were government insured. So you can accept that as having been proved.

(Trial Tr. at 23.) The court further charged:

> Now, as to the elements of these two bank robbery offenses, the term "bank" means any member of the Federal Reserve System and any bank or other banking institution organized or operating under the laws of the United States and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation. And with the Palmetto Bank that has been stipulated as having been proved. The term "credit union" being any federal credit union and any state chartered credit union, the accounts of which are insured by the National Credit Union Administration Board. And that has been stipulated to and agreed to as having been proved. In my instructions when I use the word "bank," I mean either a bank or a credit union. As to each count of armed bank robbery, the Government must prove beyond a reasonable doubt that each - - that the Defendant on the day of the armed bank robbery, the bank was federally insured, that's been agreed to.

(Id. at 26-27.) The Government and Young stipulated that the bank and the credit union were federally insured. Therefore, the Government proved that the financial institutions were

federally insured. As such, the court properly charged the jury concerning the financial institutions' federally-insured status.

**D. Prosecutorial Misconduct**

Finally, Sprague argues that the Government committed prosecutorial misconduct by failing to prove the bank was insured by the F.D.I.C, by charging Sprague before a federal grand jury although the Government knew he was innocent, and by "falsely accusing and indicting [Sprague] for a non-existent federal crime." (Sprague's § 2255 Mot. 6.) As discussed above, Young and the Government stipulated that the bank and credit union were federally insured. Further, a jury found Sprague guilty on all counts in the indictment. Moreover, there is no factual basis for Sprague's conclusory allegations. Based on the foregoing, Sprague's § 2255 motion is summarily dismissed.

It is therefore

**ORDERED** that Sprague's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 7, 2006

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.